## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.                           ) | **CRIMINAL NO. 2:16cr39** |
| ) | |
| **ALVARO MENDOZA ANGELES,** ) | |
| ) | |
| **Defendant.**                ) | |

## POSITION OF THE UNITED STATES WITH
## RESPECT TO SENTENCING FACTORS

In accordance with Section 6A1.2 of the Sentencing Guidelines and Policy Statements and this Court's policy regarding guidelines sentencing, the government hereby represents that it has reviewed the Probation Officer's Presentence Investigation Report ("PSR") prepared in this matter, and that it does not dispute any of the factors or facts set out therein. The United States moves for the defendant to receive the additional one-level reduction under Section 3E1.1(b) of the Sentencing Guidelines and Policy Statements.

### Sentencing Argument

Following *United States v. Booker*, 543 U.S. 220, 235 (2005) and *United States v. Hughes*, 396 F.3d 374, 379-81 (4th Cir. 2005) "district courts must (1) properly calculate the sentence range recommended by the Sentencing Guidelines; (2) determine whether a sentence within that range and within statutory limits serves the factors set forth in § 3553(a) and, if not, select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate the reasons for selecting the particular sentence, especially explaining why a sentence outside of the Sentencing Guidelines range better serves the relevant sentencing purposes set forth in § 3553(a)." *United States v. Green*, 436 F.3d 449, 455-56 (4th Cir.) (footnote omitted) (*citing United States v. Hughes*, 401 F.3d 540, 546), *cert. denied*, 547 U.S. 1156 (2006); *accord United States v. Raby*,

575 F.3d 376, 380-82 (4th Cir. 2009); *United States v. Evans,* 526 F.3d 155, 162-64 (4th Cir.), *cert. denied*, 555 U.S. 977 (2008); *United States v. Hernandez-Villanueva*, 473 F.3d 118, 122-24 (4th Cir. 2007); *United States v. Eura*, 440 F.3d 625, 632 (4th Cir. 2006); and *United States v. Moreland*, 437 F.3d 424, 432-33 (4th Cir.), *cert. denied*, 547 U.S. 1142 (2006).

The factors which may now be considered in fashioning a "reasonable" sentence, almost on an equal footing with the "advisory" Guidelines, are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available ...

[paragraphs (4) and (5) refer to the Sentencing Guidelines]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). *Accord Moreland*, 437 F.3d at 433-34; and *Green*, 436 F.3d at 455.

The facts surrounding this case are fully set forth in the PSR. The defendant pled guilty to possess with intent to distribute cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C). The defendant faces a maximum term of imprisonment of twenty (20) years, a fine of $1,000,000, forfeiture of assets, a special assessment, and at least three (3) years of supervised release. The defendant is attributed with 749.95 grams of cocaine. *See* PSR at ¶ 7

and 13. The defendant has a criminal history category of I and his adjusted offense level is 24. *Id.* at ¶ 13 and 28. The defendant has been awarded full credit for acceptance of responsibility. *Id.* at ¶ 20 and 21. The defendant has received an additional two level reduction pursuant to U.S.S.G. § 5C1.2 (the "Safety Valve"). *Id.* at ¶ 14. His advisory guidelines are 30 to 37 months. *Id*. at 58.

According to the Statement of Facts, on December 16, 2015, the defendant sold 27.6 grams of cocaine to a confidential witness. *Id.* at ¶ 5. On this occasion, the defendant had three additional ounces of cocaine in his possession. *Id.* On January 22, 2016, the defendant sold 26.3 grams of cocaine to the CW. *Id.* On February 23, 2016, the defendant sold 27.5 grams of cocaine to the CW. *Id.* On this occasion, the defendant was in possession of another ounce of cocaine and the defendant informed the CW that he would have eleven more ounces of cocaine to sell the CW by the end of the week. *Id.* The defendant advised that he would travel to Charlotte, North Carolina to obtain more cocaine. *Id.* On February 25, 2016, the defendant agreed to sell nine ounces of cocaine to the CW. *Id.* Later that day, the police executed a search warrant at the defendant's Norfolk residence and seized 268 grams of cocaine. *Id.* The defendant admitted that he distributed cocaine and had been receiving for distribution one ounce of cocaine every two weeks since June of 2015. *Id.*

According to the PSR, the defendant entered the United States illegally in or about 2004 or 2005. *Id.* at ¶ 38. Prior to his arrest, the defendant advises, he sent money to his mother and daughters in Mexico. *Id.* at ¶ 35 and 36. From 2011 or 2012 until the time of his arrest, the defendant advises, he worked for a landscaper three or four times per week earning $40 to $60 per job. *Id.* at ¶ 50. According to the defendant, he fell off a scaffolding in or about 2011 or 2012 and sustained injuries to his shoulder and elbow. *Id.* at ¶ 44. The defendant has a variety of serious and chronic health problems which went untreated prior to his arrest. *Id.* at ¶ 39-44.

In 2004, the defendant was arrested and charged with assault and battery of a family member in Norfolk. *Id.* at ¶ 31. This charge was later dismissed. In 2006, the defendant was convicted of driving while intoxicated in Newport News General District Court. *Id.* at ¶ 26. The defendant received a suspended sentence and was ordered to complete the Virginia ASAP program. According to the PSR, the Peninsula Virginia ASAP office in Newport News has no record of the defendant's enrollment. The defendant reports a history of heavy drinking and abuse of prescription pain killers. *Id.* at ¶ 46-48.

As set forth in the PSR, the Guidelines recommend a sentence of 30-37 months' imprisonment. A sentence within the Guideline range would appropriately reflect "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1). The government submits that a sentence within the Guideline range is necessary to protect the public, afford adequate deterrence and to promote respect for the law. 18 U.S.C. §3553(a)(2)(A), (B), (C).

Conclusion

For the reasons stated, the United States therefore asks this Court to impose a sentence within the Guideline range of 30-37 months.

Respectfully Submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

By: /s/
Darryl J. Mitchell
Assistant United States Attorney
Virginia Bar No. 37411
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - darryl.mitchell@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of September, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Suzanne V. Katchmar
Office of the Federal Public Defender - Norfolk
150 Boush St., Suite 403
Norfolk, VA 23510
Phone: 757-457-0800
Fax: 757-457-0880
Norfolk, VA 23510
Email: suzanne_katchmar@fd.org

I certify that on this 7th day of September, 2016, I caused a true and correct copy of the foregoing Position of the Government with Respect to Sentencing Factors to be sent to the following:

Kristie M. Milby
United States Probation Officer
827 Diligence Drive, Suite 210
Newport News, VA 23606
kristie_milby@vaep.uscourts.gov

/s/
Darryl J. Mitchell
Assistant United States Attorney
Virginia Bar No. 37411
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - darryl.mitchell@usdoj.gov